IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD F. MCCLOY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondant.

Civil Action No. 12-0580
Criminal No. 10-0128-002

**ELECTRONICALLY FILED**

### MEMORANDUM ORDER OF COURT DENYING HOWARD F. MCCLOY'S MOTION FOR RECONSIDERATION (DOC. NO. 141)

In this action, Petitioner, Howard F. McCloy, a federal inmate in the custody of the Bureau of Prisons, filed a Motion for Reconsideration (doc. no. 141) of this Court's prior Order (doc. no. 138) denying his "Motion for Speedy Hearing and Advancement on Calendar and Motion for Declaratory Judgment Under Federal Rules of Civil Procedure 57, Pursuant to 28 U.S.C. § 2201." See Doc. Nos. 135 and 137.

In its prior Order, this Court described in detail how the "Motion for Declaratory Judgment Under Federal Rules of Civil Procedure 57, Pursuant to 28 U.S.C. § 2201" (doc. no. 137) was at its core, a habeas petition under 28 U.S.C. §2241. See doc. no. 138. The Petitioner's current Motion for Reconsideration (doc. no. 141) seeks the same relief as Petitioner's prior two motions. Doc. Nos. 135 and 137.

In considering this Motion for Reconsideration, this Court obtains guidance from *United States v. Korey,* 2009 WL 1940381 (W.D. Pa. June 30, 2009), wherein Chief Judge Lancaster held as follows:

> Neither the Federal Rules of Criminal Procedure nor the Local Criminal
> Rules for the United States District Court for the Western District of Pennsylvania

provide for a "motion to reconsider" a dispositive ruling. Nevertheless, the court is of the opinion that the court has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976).

A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

*Korey,* at *1.

The Petitioner's current Motion for Reconsideration is not based upon any of these three, above-referenced grounds. Even construing the *pro se* Petitioner's Motion to Reconsider in a light most favorable to him, the only possible basis for reconsideration would be if this Court needed to correct a clear error of law or fact or prevent manifest unjustice. Petitioner's Motion to Reconsider claims "his original brief was [n]ever meant to be construed as [a § 2241 or a § 2255 Petition]." He continues to assert that he is entitled to a compassionate release, home confinement, or chelation treatments under 28 U.S.C.A. § 2201. However, despite his repeated requests that this Court provide him with the relief he seeks, this Court cannot do what he requests for the reasons more fully explained in its prior Order. See Doc. No. 138.

Given the issues presented in this Motion for Reconsideration (doc. no. 141), and his prior "Motion for Speedy Hearing and Advancement on Calendar and Motion for Declaratory Judgment Under Federal Rules of Civil Procedure 57, Pursuant to 28 U.S.C. § 2201," (doc. nos. 135, 137), Petitioner may wish to attempt to seek the civil remedies he demands in his current and prior

2

Motions predicated upon alleged violations of his civil rights. However, even then, he must file those civil claims in the appropriate forum, *i.e.* the district where those alleged claims arose, as this Court lacks the jurisdiction to entertain same.

Finding that there is no legal basis to grant Petitioner's Motion for Reconsideration (doc. no. 141), the Motion will be denied.

**ORDER**

AND NOW, this 6th day of July, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's Motion for Reconsideration (doc. no. 141) is hereby DENIED.

No certificate of appealability shall issue.

s/ Arthur J. Schwab<br>United States District Judge

cc: All Registered ECF Counsel and Parties

Howard F. McCloy
#32708-068
FCI-Elkton
P.O. Box 10
Lisbon, OH 44432